UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>   Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY MAIN ADULT DETENTION FACILITY ADMINISTRATION, et al.,<br><br>   Defendants. | Case No. 21-cv-00127-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

  Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his due process rights were violated when he was placed in disciplinary isolation at the county jail.[1]

A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature).  Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without complying with the procedural requirements

---

[1] It appears that plaintiff was a pretrial detainee during the relevant time.

2

of *Wolff v. McDonnell*, 418 U.S. 539 (1974).  See *Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996).

If the alleged deprivation does not amount to punishment, a pretrial detainee's due process claim is not analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted prisoners, but rather under the law as it was before *Sandin*.  See *Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002).  The proper test to determine whether detainees have a liberty interest is that set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989).  Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met.  *Thompson*, 490 U.S. at 462-63 (quoting *Hewitt*, 459 U.S. at 472).

If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated, and the claim should be dismissed.  See *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976) (interests protected by due process arise from Due Process Clause itself or from laws of the states).

Plaintiff states that as a result of a Rules Violation he was placed in disciplinary isolation for 15 days and lost privileges.  Plaintiff states that he was denied an investigatory employee, the right to cross-examine his accusers and prior written notice of the charges.  The complaint is dismissed with leave to amend to provide more information.  Plaintiff must present more information regarding why he was disciplined and specially describe the punishment and resulting loss of privileges to demonstrate that his due process rights were implicated.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The amended complaint must be filed no later than **May 20,**

**2021**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in the dismissal of this action.

    2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Dated: April 20, 2021

                                                          */s/ Phyllis J. Hamilton*
                                                          PHYLLIS J. HAMILTON
                                                          United States District Judge